IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL PARROTTE,

   *Plaintiff*,

v.

LIONETTI ASSOCIATES, LLC d/b/a
LORCO PETROLEUM SERVICES
and LORCO, *et al*.

   *Defendants*.

Civil Action No. ELH-13-2660

**MEMORANDUM OPINION**

Plaintiff Michael Parrotte alleges that he received an unsolicited facsimile ("fax") advertisement on June 4, 2012. According to plaintiff, the transmission of that fax, as well as its content, violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Maryland TCPA, Md. Code (2013 Repl. Vol.), § 14-3201 *et seq*. of the Commercial Law Article ("C.L."). On behalf of himself and others similarly situated, Parrotte filed a putative class action against defendants Lionetti Associates, LLC ("Lionetti") and Lorco of Maryland, LLC ("Lorco"), both of whom allegedly were the "senders" of the fax, as that term is defined by the TCPA. *See* Amended Complaint ("Am. Comp.," ECF 20).[1]

---

[1] Plaintiff filed an initial Complaint on September 12, 2013, which also named AGV Sports Group, Inc. ("AGV") as a plaintiff. ECF 1. After defendants moved to dismiss the Complaint (ECF 12), plaintiff filed an Amended Complaint on November 26, 2013, which omitted AGV as a plaintiff. As a result, I denied as moot the previously filed motion to dismiss. *See* ECF 22. Plaintiff attached a copy of the allegedly unsolicited fax that he received to the Amended Complaint. *See* ECF 21.

Jurisdiction is proper under 28 U.S.C. § 1331, as the suit "arises under" federal law. *See Mims v. Arrow Fin. Servs., LLC*, __ U.S. ___, 132 S. Ct. 740 (2012) (holding that district courts have federal-question jurisdiction over private TCPA suits).

On December 17, 2013, Lorco filed its Answer to the Amended Complaint. ECF 23. On the same date, Lionetti filed a Motion to Dismiss ("Motion," ECF 24), along with a memorandum of law ("Memo," ECF 24-1) and two exhibits. In its Motion, Lionetti argues that the Amended Complaint fails to adequately allege that Lionetti "had any involvement in sending the facsimile." Memo at 3. Plaintiff filed a response in opposition ("Opp.," ECF 27) on December 30, 2013, to which Lionetti replied. ECF 30. No hearing is necessary to resolve the motion. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion.[2]

**Factual Background**

Lorco and Lionetti are related, yet distinct, business entities. Lorco "is a Maryland limited liability company maintaining its offices in Elkton, Maryland, engaged in business in Maryland." Am. Comp. ¶ 3. Lionetti "is a New Jersey limited liability company having its principal place of business in Elizabeth, New Jersey, and additional offices in Elkton, Maryland." *Id.* ¶ 2. According to plaintiff, both Lorco and Lionetti also use the trade name "Lorco Petroleum Services." *Id.* ¶¶ 2–3.

According to plaintiff, both Lorco and Lionetti "transmitted unsolicited facsimile advertisements to Plaintiff and to thousands of other persons" on June 4, 2012. Am. Comp. ¶ 17.

---

[2] Plaintiff filed a Motion for Class Certification on September 20, 2013 (ECF 4). At plaintiff's request, I agreed to defer briefing on the Motion for Class Certification until after discovery. *See* ECF 22. But, I also proposed "the administrative closing of the Motion, without prejudice to plaintiff's right to re-open the Motion when the parties are prepared to fully brief the issue." *Id.* In addition, I allowed fourteen days for objections to my proposed course of action; none were filed. Accordingly, I will administratively close the Motion for Class Certification, without prejudice to the right to refile it.

Plaintiff included with the Amended Complaint a copy of the fax that he received on that date (the "Subject Fax"). ECF 21. The Subject Fax is reproduced below:



As can be seen from the copy of the Subject Fax, it was sent on letterhead of "LORCO PETROLEUM SERVICES" in Elkton, Maryland, and states that it was sent from "LORCO of Maryland." The body of the fax states that "LORCO's customers have been experiencing significant savings in the petroleum industry" and asks the recipient to "consider LORCO to be your, 'Total Solutions Provider.'" The fax also provides contact information for Alfredo Silva, Jr., along with a request that the recipient "[c]all me today to get on board." The last line of the fax states: "To be removed from our fax list, just call 888-260-5841. Thank you." The name "Lionetti" does not appear anywhere on the fax.

The Amended Complaint also includes an excerpt from the LinkedIn[3] page of Alfredo Silva, Jr. According to plaintiff, Silva's LinkedIn page lists that he was previously employed at "Lorco Petroleum," and it includes a job description, which plaintiff claims "makes clear that [Silva's] marketing was not limited to Maryland, and hence not only to promoting the goods and services of Lorco LLC, but also Lionetti, which operates in multiple states." *Id.* ¶ 32. The job description on Silva's profile reads, *id.* ¶ 31:

> Duties involved procuring contracts for waste oil recycling. Hired specifically because of environmental experience; ability to secure contracts and expand sales volume. Specific targets were to solicit car dealerships, lube centers, auto repair shops; to secure the rights to remove waste oil for recycling purposes; also to seek out and secure contracts for UST VAC jobs, tank cleanings, sludge removal and the general cleaning of oil/water separators in auto dealerships. Also included was to up-sell LORCO products i.e. parts washers, poly tanks, bulk

---

[3] According to http://www.linkedin.com/about-us/, LinkedIn is "the world's largest professional network with 250 million members in over 200 countries and territories around the globe." Its mission is to "connect the world's professionals to make them more productive and successful."

quantities of antifreeze and windshield wash. Main objective was to expand LORCO's footprint throughout DE, MD, DC, and VA.

## Standard of Review

A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008); *see Aschroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

Whether a complaint adequately states a claim for relief is judged by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Twombly*, 550 U.S. at 554-55. Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a plaintiff need not include "detailed factual allegations," the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (brackets in original) (internal quotation marks omitted). A complaint is insufficient if it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

In considering a Rule 12(b)(6) motion, the court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). However, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009). And, a court "owe[s] no allegiance to 'unwarranted inferences, unreasonable conclusions, or arguments' drawn from those facts." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (quoting *Monroe*, 579 F.3d at 385-86). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

Typically, a motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint," the court may resolve the applicability of a defense by way of a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense '*clearly appear*[ ] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule

12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

In resolving a Rule 12(b)(6) motion, the court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defense motion, "so long as they are integral to the complaint and authentic." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. As noted, plaintiff attached a copy of the Subject Fax to the Amended Complaint, without objection. Given that the Subject Fax is integral to the suit, I will consider it in resolving the Motion.

**Contentions**

Lionetti argues that dismissal of the suit is warranted because plaintiff has not alleged specific facts demonstrating that Lionetti was a "sender" of the Subject Fax. Lionetti avers: "There is nothing on the face of the facsimile that suggests that Lionetti had any involvement in sending the facsimile. Nor has Parrotte alleged any facts regarding *any* facsimile sent by Lionetti, as opposed to Lorco of Maryland." Memo at 3 (emphasis in original). According to Lionetti, the Amended Complaint "suggests the basis of Plaintiff's claim against Lionetti is that it is a corporate entity affiliated with Lorco of Maryland." *Id.* at 4. But, in Lionetti's view, plaintiff "may not pierce the corporate veil to seek to hold Lionetti liable for any alleged wrongdoing by Lorco of Maryland." *Id.*

In response, plaintiff contends that Lionetti "misapprehends Plaintiff's allegations and applicable law." Opp. at 5. According to plaintiff, "liability rests with the merchant whose goods or services are promoted in the advertisement." *Id.* at 5–6. And, plaintiff alleges that the Subject Fax promoted the goods and services of both Lionetti and Lorco. *See* Am. Comp. ¶ 31. Accordingly, plaintiff maintains that "[p]iercing the corporate veil is not necessary to make out a claim for Lionetti's liability under the TCPA." Opp. at 6.

## Discussion

The TCPA makes it unlawful, in most circumstances, to "send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The Federal Communications Commission has implemented this prohibition by promulgating 47 C.F.R. § 64.1200(a)(3). The regulation defines a "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10); *accord Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 840 (D. Md. 2011).[4]

Thus, pursuant to the TCPA and *Iqbal*, 556 U.S. 662, the question before the Court is whether the allegations of the Amended Complaint permit the court to infer "more than the mere possibility" that the Subject Fax was sent on behalf of Lionetti or that the Subject Fax promoted

---

[4] The Maryland TCPA "merely provides that a person may not violate the federal TCPA." *Worsham v. Acct. Receivables Mgmt., Inc.*, Civ. No. JKB-10-3051, 2011 WL 5873107, at *6 (D. Md. Nov. 22, 2011) *aff'd sub nom. Worsham v. Accounts Receivable Mgmt., Inc.*, 497 F. App'x 274 (4th Cir. 2012). Thus, the following analysis applies equally to plaintiff's state and federal claims.

Lionetti's goods or services. *See Iqbal*, 556 U.S. at 679. In my view, plaintiff's allegations are insufficient to state a claim against Lionetti.

As an initial matter, the language of the Subject Fax strongly suggests that it was sent on behalf of Lorco. Indeed, everything about the fax connects it to Lorco, rather than to Lionetti. The fax states that it was sent by "LORCO of Maryland," a trade name which plaintiff does not allege is used by Lionetti. *See* Am. Comp. ¶¶ 2–3; Opp. at 3. Similarly, the body of the fax states that "LORCO of Maryland would like to offer your company the following options." Moreover, as noted, the name "Lionetti" does not appear in the Subject Fax.

Plaintiff argues that the allegations in the Amended Complaint overcome the plain import of the Subject Fax. But, plaintiff's allegations cannot support the weight he places on them. Plaintiff points out that the letterhead of the fax includes a logo for "Lorco Petroleum Services," and he alleges that both Lorco and Lionetti use the trade name "Lorco Petroleum Services." *See* Am. Comp. ¶ 2; Opp. at 9. However, the fact that Lionetti and Lorco both use the name "Lorco Petroleum Services" does not necessarily mean that a fax with the letterhead of "Lorco Petroleum Services" was sent by Lionetti, particularly when the remaining portion of the fax indicates that the fax was sent by Lorco.

Plaintiff also points out that Silva's LinkedIn profile states that Silva's marketing efforts were "not limited to Maryland," *id.* ¶ 32, and plaintiff suggests that, as between Lorco and Lionetti, only Lionetti operates outside of Maryland. *See id.* However, these allegations, even if true, reveal nothing about the Subject Fax itself. The fact that Mr. Silva, over the course of his

employment, promoted products outside of Maryland—or even that he promoted products for Lionetti—does not mean that he sent the Subject Fax on behalf of Lionetti or that the Subject Fax promoted Lionetti's products.

It is well settled that "[a] corporation exists as a legal entity separate and distinct from its corporate shareholders." *Cancun Adventure Tours, Inc. v. Underwater Designer Co.*, 862 F.2d 1044, 1047 (4th Cir. 1988); *see Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.*, 275 Md. 295, 340 A.2d 225, 234 (1975). With respect to a parent corporation and its subsidiary, a court will pierce the corporate veil to reach a parent corporation when the parent "dominates [its] subsidiary 'to the extent that the subservient corporation manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.'" *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987) (citation omitted). Plaintiff offers no justification for ignoring defendants' corporate form or piercing the corporate veil.

The Subject Fax gives every indication that it was sent by Lorco to promote Lorco's products. Although plaintiff claims that it was also sent to promote Lionetti's products, the sparse allegations of the Amended Complaint are not enough to "nudge [his claim against Lionetti] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Lionetti's Motion to Dismiss will be granted. However, plaintiff may be able to supplement the Amended Complaint with additional allegations that overcome its current defects. Thus, the dismissal will be without prejudice.

## Conclusion

For the foregoing reasons, I will grant defendant's Motion to Dismiss, without prejudice.

An Order follows.

Date: April 7, 2014              /s/
                                 Ellen Lipton Hollander
                                 United States District Judge